| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **District of New Jersey** |
| (State) |
| Case number (if known): _____    Chapter ___11___ |

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Cyxtera Communications, LLC** |
| --- | --- | --- |

| 2. | All other names debtor used in the last 8 years | **SAVVIS Communications, LLC** |
| --- | --- | --- |
| | | **Colorado New Communications, LLC** |
| | | **SAVVIS Communications Corporation** |
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **Disregarded Entity** |
| --- | --- | --- |

4. **Debtor's address**

**Principal place of business**

**2333 Ponce De Leon Boulevard, Suite 900**
Number            Street

**Coral Gables, Florida 33134**
City                              State        Zip Code

**Miami-Dade County**
County

**Mailing address, if different from principal place of business**

_____
Number            Street

P.O. Box _____

_____
City                              State        Zip Code

**Location of principal assets, if different from principal place of business**

**1919 Park Avenue**
Number            Street

**Weehawken, New Jersey 07086**
City                              State        Zip Code

| 5. | Debtor's website (URL) | https:// www.cyxtera.com |
| --- | --- | --- |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Cyxtera Communications, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**7.   Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
5182

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub- box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

---

| Debtor | **Cyxtera Communications, LLC** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of New Jersey** | | |
| | | When | **06/04/2023** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                                 State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | **Cyxtera Communications, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/04/2023**
MM/ DD / YYYY

✗    **/s/ Eric Koza**                                **Eric Koza**
Signature of authorized representative of debtor      Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**    ✗    **/s/ Michael Sirota**            Date    **06/04/2023**
Signature of attorney for debtor                      MM/DD/YYYY

**Michael Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number            Street

**Hackensack**                        **NJ**        **07601**
City                                  State      ZIP Code

**(201) 489-3000**                    **msirota@coleschotz.com**
Contact phone                         Email address

**014321986**                **NJ**
Bar number            State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cyxtera Technologies, Inc.

| | |
|---|---|
| Cyxtera Technologies, LLC | Cyxtera Digital Services, LLC |
| Cyxtera Canada TRS, ULC | Cyxtera Employer Services, LLC |
| Cyxtera Canada, LLC | Cyxtera Federal Group, Inc. |
| Cyxtera Communications Canada, ULC | Cyxtera Holdings, LLC |
| Cyxtera Communications, LLC | Cyxtera Management, Inc. |
| Cyxtera Data Centers, Inc. | Cyxtera Netherlands B.V. |
| Cyxtera DC Holdings, Inc. | Cyxtera Technologies Maryland, Inc. |
| Cyxtera DC Parent Holdings, Inc. | Cyxtera Technologies, Inc. |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CYXTERA COMMUNICATIONS, LLC | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cyxtera Data Centers, Inc. | 2333 Ponce De Leon Boulevard, Suite 900 Coral Gables, Florida 33134 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CYXTERA COMMUNICATIONS, LLC | Case No. 23-_____(___) |
| Debtor. | |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cyxtera Data Centers, Inc. | 100% |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name   **Cyxtera Technologies, Inc., et al.**

United States Bankruptcy Court for the:   **District of New Jersey**
                                                            (State)

Case number (If known):   _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 1 | HITT CONTRACTING INC 2900 FAIRVIEW PARK DR, FALLS CHURCH, VA 22042 | CORPORATE HEADQUARTERS 2900 FAIRVIEW PARK DR, FALLS CHURCH, VA 22042 TEL:703 846-9000 EMAIL:TRICHMOND@HITT-GC.COM | TRADE PAYABLE | | | | $3,534,906 |
| 2 | DIGITAL REALTY 2323 BRYAN STREET, SUITE 1800, DALLAS, TX 75201 | RAFAL RAK, VICE PRESIDENT, PORTFOLIO MANAGEMENT GROUP, DIGITAL REALTY, 2323 BRYAN STREET, SUITE 1800, DALLAS, TX 75201 MOBILE 408-429-5630, RRAK@DIGITALREALTY.COM | TRADE PAYABLE | | | | $2,509,637 |
| 3 | MENLO EQUITIES 2765 SAND HILL ROAD, SUITE 200, MENLO PARK, CA 94025 | C. MICHAEL JOHNSTON MENLO EQUITIES 2765 SAND HILL ROAD, SUITE 200 MENLO PARK, CA 94025 MAIN: 650-326-9300 I DIRECT: 650-289-1709 JOHNSTON@MENLOEQUITIES.COM | TRADE PAYABLE | | | | $2,262,583 |
| 4 | CUMMINS SALES AND SERVICE 500 JACKSON ST, COLUMBUS, IN 47201 | CORPORATE HEADQUARTERS 500 JACKSON ST, COLUMBUS, IN 47201 TEL: 800 286-6467 EMAIL:PEM.NATIONAL.ACCOUNTS@ CUMMINS.COM | TRADE PAYABLE | | | | $2,240,112 |
| 5 | LAZARD FRERES & CO 30 ROCKEFELLER PLAZA NEW YORK, NY, 10112 | TEL:+1 212 632 6000 | TRADE PAYABLE | | | | $1,500,000 |

Debtor __Cyxtera Technologies Inc., et al__                          Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 6 | SECURITAS SECURITY SERVICES USA INC 150 S. WACKER DRIVE, SUITE LL50, CHICAGO, IL 60606 | NORTH AMERICA OFFICE 150 S. WACKER DRIVE, SUITE LL50, CHICAGO, IL 60606 TEL: 312 715-1550 EMAIL:RONALD.NOVAK02@SECURIT ASINC.COM | TRADE PAYABLE | | | | $1,404,136 |
| 7 | SOUTHWIRE COMPANY, LLC ONE SOUTHWIRE DRIVE, CAROLLTON, GA 30119 | CORPORATE OFFICE ONE SOUTHWIRE DRIVE, CAROLLTON, GA 30119 TEL:770 832-4529 EMAIL:SANDRA.PITTS@SOUTHWIRE. COM | TRADE PAYABLE | | | | $1,090,893 |
| 8 | POWER SOLUTIONS LLC 17201 MELFORD BLVD, BOWIE, MD 20715 | CORPORATE OFFICE HEADQUARTERS 17201 MELFORD BLVD, BOWIE, MD 20715 TEL: 301 794-0330 FAX: 301 794-0340 EMAIL:AHICKS@POWERSOLUTIONS-LLC.COM;INFO@POWERSOLUTIONS-LLC.COM | TRADE PAYABLE | | | | $995,085 |
| 9 | IRON MOUNTAIN 8521 EAST PRINCESS DRIVE, SCOTTSDALE, AZ 85255 | JASON SCANLAN, SENIOR ACCOUNT MANAGER, IRON MOUNTAIN 602-273-5499 – OFFICE 480-265-0484 – MOBILE EMAIL: JASON.SCANLAN@IRONMOUNTAIN.C OM | TRADE PAYABLE | | | | $902,830 |
| 10 | TRANE US INC 3600 PAMMEL CREEK RD, LA CROSSE, WI 54601 | COMMERCIAL SALES OFFICE 3600 PAMMEL CREEK RD, LA CROSSE, WI 54601 TEL: 608 788-8430 EMAIL:AREFT@TRANE.COM | TRADE PAYABLE | | | | $867,814 |
| 11 | HARTZ MOUNTAIN INDUSTRIES INC. 500 PLAZA DRIVE, SECAUCUS, NJ 07094 | CONSTANTINO T. MILANO (GUS MILANO) PRESIDENT & CHIEF OPERATING OFFICER HARTZ MOUNTAIN INDUSTRIES, INC. 500 PLAZA DRIVE, SECAUCUS NJ. 07094 DIRECT: 201-272-5900 CELL: 201-709-1000 GM@HARTZMOUNTAIN.COM | TRADE PAYABLE | | | | $858,719 |
| 12 | SABEY CORPORATION 12201 TUKWILA INT'L BLVD. 4TH FLOOR, SEATTLE, WA 98168 | ATTN:GENERAL COUNSEL 12201 TUKWILA INT'L BLVD. FOURTH FLOOR SEATTLE, WA 98168 | TRADE PAYABLE | | | | $762,428 |
| 13 | SERVER FARM 444 N. NASH STREET, EL SEGUNDO, CA 90245 | NORTH AMERICA HEADQUARTER 444 N. NASH STREET, EL SEGUNDO, CA 90245 TEL: 310 563-1700 EMAIL: SALES@SFRDC.COM | TRADE PAYABLE | | | | $749,156 |

Debtor   __Cyxtera Technologies Inc., et al___     Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 14 | MEGAWATT ELECTRICAL 3100 DE LA CRUZ BLVD, SUITE 208, SANTA CLARA, CA 95054 | CORPORATE OFFICE 3100 DE LA CRUZ BLVD, SUITE 208, SANTA CLARA, CA 95054 TEL: 408 684-3451 EMAIL:ACCOUNTSRECEIVABLE@DWEBBERCONSULTING.COM;INFO@MWATTE.COM | TRADE PAYABLE | | | | $664,013 |
| 15 | DAIKIN APPLIED AMERICAS INC 13600 INDUSTRIAL PARK BLVD,MINNEAPOLIS, MN 55441 | NORTH AMERICA CORPORATE OFFICE 13600 INDUSTRIAL PARK BLVD,MINNEAPOLIS, MN 55441 TEL: 763 553-5330 EMAIL:BRANDI.LEHNER@DAIKINAPPLIED.COM | TRADE PAYABLE | | | | $644,771 |
| 16 | CLUNE CONSTRUCTION COMPANY, LP 10 SOUTH RIVERSIDE PLAZA, SUITE 2200, CHICAGO, IL 60606 | NATIONAL OFFICES 10 SOUTH RIVERSIDE PLAZA, SUITE 2200, CHICAGO, IL 60606 TEL: 312 726-6103 EMAIL:CLUNERECEIVABLES@CLUNEGC.COM | TRADE PAYABLE | | | | $603,321 |
| 17 | CBRE INVESTMENTS 3501 JAMBOREE ROAD, SUITE 100, NEWPORT BEACH, CA 92660 | BUFFI HENDRIX SENIOR PROPERTY MANAGER \| LIC. 01181450 CBRE \| PROPERTY MANAGEMENT 3501 JAMBOREE ROAD, SUITE 100 \| NEWPORT BEACH, CA 92660 T +1 949 809 3626 \| D +1 949 809 3650 \| F +1 949 725 8545 BUFFI.HENDRIX@CBRE.COM | TRADE PAYABLE | | | | $571,496 |
| 18 | IPI PARTNERS 300 N LASALLE ST, SUITE 1875, CHICAGO, IL 60654 | IPI PARTNERS, MATT A'HEARN, 300 N. LASALLE STREET, SUITE 1875, CHICAGO, IL 60654. PHONE: 312-796-2201  EMAIL: MAHEARN@IPIPARTNERS.COM | TRADE PAYABLE | | | | $568,775 |
| 19 | LATHAM & WATKINS, LLP 1271 AVE OF THE AMERICAS NEW YORK, NY 10020 | TEL +1.212.906.1200 | TRADE PAYABLE | | | | $562,470 |
| 20 | ACCU-TECH CORP 11350 OLD ROSWELL RD STE 100, ALPHARETTA, GA 30009 | CORPORATE OFFICE 11350 OLD ROSWELL RD STE 100, ALPHARETTA, GA 30009 TEL:888 222-8832 EMAIL:REMITTANCE@ACCU-TECH.COM | TRADE PAYABLE | | | | $544,815 |
| 21 | CYRUSONE INC. 2850 N HARWOOD ST., SUITE 2200 DALLAS, TX 75201 | TEL +1 855 584 3198 | TRADE PAYABLE | | | | $492,763 |

Debtor    **Cyxtera Technologies Inc., et al**

Name

Case number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 22 | HEWLETT PACKARD 200 CONNELL DR. SUITE 5000, BERKELEY HEIGHTS, NJ 07922 | CORPORATE HEADQUARTERS 1701 E MOSSY ROAD,SPRING, TX 77389 TEL:888 342-2156 | TRADE PAYABLE | | | | $475,528 |
| 23 | S&P GLOBAL MARKET INTELLIGENCE LLC 55 WATER STREET, NEW YORK, NY 10041 | TEL:  +1 800-786-8980. E.MARKET.INTELLIGENCE@SPGLOB AL.COM | TRADE PAYABLE | | | | $471,267 |
| 24 | WINGSPIRE EQUIPMENT FINANCE, LLC 18302 IRVINE BLVD, SUITE 300 TUSTIN, CA, 92780 | TEL 844.816.9420 EMAIL HELLO@WINGSPIRECAPITAL.COM | TRADE PAYABLE | | | | $424,312 |
| 25 | CHICAGO MERCANTILE EXCHANGE INC PO BOX 73672, CHICAGO, IL 60673 | EXECUTIVE OFFICE HEADQUARTERS 20 SOUTH WACKER DRIVE, CHICAGO, IL 60606 TEL: 312 930-1000 EMAIL:GLOBALACCOUNTMANAGEME NT@CMEGROUP.COM | TRADE PAYABLE | | | | $408,189 |
| 26 | SULLIVAN & CROMWELL LLP 125 BROAD STREET NEW YORK, NY 10004 | TEL +1 212-558-4000 | TRADE PAYABLE | | | | $403,497 |
| 27 | PIVOT TECHNOLOGY SERVICES CORP 6025 THE CORNERS PKWY., SUITE 100 NORCROSS, CA, 30092 | TEL 714-861-2200 | TRADE PAYABLE | | | | $387,288 |
| 28 | ICM SOLUTIONS 4899 WEST 2100 SOUTH, SALT LAKE CITY, UT 84120 | TEL 800-779-4450 | TRADE PAYABLE | | | | $386,593 |
| 29 | MULTISTACK LLC 1065 MAPLE AVE, SPARTA, WI 54656 | CORPORATE OFFICE 1065 MAPLE AVE, SPARTA, WI 54656 TEL: 08 366-2400 FAX: 608 366-2450 | TRADE PAYABLE | | | | $381,581 |
| 30 | STRUCTURE TONE, LLC 330 WEST 34TH STREET, NEW YORK, NY 10001 | TEL 212.481.6100 EMAIL BD@STOBUILDINGGROUP.COM | TRADE PAYABLE | | | | $360,637 |

Fill in this information to identify the case and this filing:

Debtor Name        **Cyxtera Communications, LLC**

United States Bankruptcy Court for the:        **District of New Jersey**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        06/04/2023                              ☒ */s/ Eric Koza*
                        MM/ DD/YYYY                         Signature of individual signing on behalf of debtor

                                                           **Eric Koza**
                                                           Printed name

                                                           **Chief Restructuring Officer**
                                                           Position or relationship to debtor

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

<div align="center">

**OMNIBUS ACTION BY UNANIMOUS**
**WRITTEN CONSENT OF THE BOARDS OF DIRECTORS,**
**THE SOLE MEMBER, THE SOLE MANAGING MEMBER,**
**THE MANAGERS, THE SOLE DIRECTOR, AND THE SOLE SHAREHOLDER**

**Dated as of June 4, 2023**

</div>

The undersigned, being (i) all of the members of the Boards of Directors, (ii) the sole member, (iii) the sole managing member, (iv) the managers, (v) the sole director, or (vi) in the case of Cyxtera Netherlands B.V. ("Cyxtera Netherlands"), the sole shareholder (constituting the general meeting) (each a "Governing Body"), as applicable, of each of the entities listed on **Schedule I** hereof (each, a "Company" and collectively, the "Companies"), as Governing Body of such Company by unanimous written consent in lieu of a special meeting in accordance with the bylaws, operating agreements, articles of association, or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which such Company is organized, do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened special meeting of each Governing Body.

**WHEREAS**, each Governing Body has reviewed and considered (i) the filing of voluntary petitions for relief (the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (together with the transactions contemplated by that certain Restructuring Support Agreement executed May 4, 2023, the "Restructuring Matters"), (ii) entry into and performance under the DIP Documents (as defined herein),and (iii) the retention of professionals by each Company;

**WHEREAS**, reference is made to the following documents which collectively constitute the "Receivables Sale Documents" (i) that certain Amended and Restated Receivables Purchase Agreement by and among the Cyxtera Receivables Holdings, LLC ("Cyxtera Receivables Holdings") as seller, Cyxtera Communications, LLC ("Cyxtera Communications") as servicer, PNC Bank, National Association (the "Administrative Agent"), PNC Capital Markets LLC (the "Structuring Agent") and the Purchasers from time to time party thereto (the "Receivables Purchase Agreement"); (ii) that certain Amended and Restated Purchase and Sale Agreement by and between the Cyxtera Receivables Holdings as buyer and Cyxtera Communications and Cyxtera Federal Group, Inc. ("Cyxtera Federal") as originators; (iii) that certain Amended and Restated Fee Letter by and between the Cyxtera Receivables Holdings and the Administrative Agent; (iv) that certain Originator Performance Guaranty, dated as of the date hereof, made by Cyxtera Communications and Cyxtera Federal in favor of the Administrative Agent; (v) that certain Amended and Restated Performance Guaranty, dated as of the date hereof, made by Cyxtera Technologies, Inc. in favor of the Administrative Agent; and (vi) any of the other Transaction Documents in connection with the receivables program (the "Receivables Program");

**WHEREAS**, capitalized terms used but not defined in the forthcoming receivables program transactions resolutions have the meanings given to such terms in the Receivables Purchase Agreement;

**WHEREAS**, the Governing Bodies of Cyxtera Communications and Cyxtera Federal Group, Inc. (each, a "Receivables Party" and collectively, the "Receivables Parties") have determined that it is in the best interests of each Receivables Party to amend and/or enter into and consummate, as applicable, the transactions contemplated by the Receivables Sale Documents to which each Receivables Party is a party (the "Receivables Transactions"), including, without limitation, to amend or otherwise enter into the Receivables Sale Documents, as applicable and any document to which each Receivables Party is a party (including any and all agreements, documents, instruments, certificates, acknowledgements, statements, and paper as may be contemplated by the Receivables Sale Documents) (including, without limitation, account control agreements, fee letters, and other customary documents with respect to the Receivables Program) and any amendments to any of the foregoing, on such terms and conditions as any Authorized Person (as defined herein) deems to be in the best interests of the Receivables Parties; and

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors (collectively, the "Restructuring Advisors"), and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company.

**NOW, THEREFORE, BE IT RESOLVED**, that, pursuant to the Governing Documents, as applicable, each Company does hereby adopt the following resolutions:

## CHAPTER 11 FILING

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company files or causes to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and be it

**FURTHER RESOLVED**, that any director or other duly appointed officer of each Company (collectively, the "Authorized Persons" and each an "Authorized Person"), shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or

2

proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business; and be it

**<u>USE OF CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION</u>**

**FURTHER RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of: (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain of Cyxtera DC Holdings, Inc.'s (the "<u>Borrower</u>") prepetition first lien lenders (the "<u>Prepetition First Lien Lenders</u>") under that certain First Lien Credit Agreement by and between the Borrower, the guarantors party thereto, the Prepetition First Lien Lenders, and Citibank, N.A., as administrative agent and collateral agent; (ii) the incurrence of debtor in possession financing obligations (the "<u>DIP Financing</u>") by entering into a superpriority senior secured term loan credit facility (the "<u>DIP Facility</u>") consisting of (a) new money funded to the Company's balance sheet, (b) new money funded to escrow for the future benefit of the Company, (c) a roll-up of principal and accrued interest on outstanding loans funded under that certain new money term loan bridge facility (the "<u>Bridge Facility</u>"), and (d) the transfer of loans for a certain amount of principal of outstanding loans under the Bridge Facility to the DIP Facility with the proceeds of such loans that are presently held in escrow to be released to the Borrower, subject to the terms of that certain Senior Secured Superpriority Debtor-In-Possession Credit Agreement governing the DIP Facility (the "<u>DIP Credit Agreement</u>") among the Borrower, the guarantor parties thereto, the lenders from time to time party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent, as reflected in that certain DIP Facility term sheet (the "<u>DIP Facility Term Sheet</u>"); and be it

**FURTHER RESOLVED**, that in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition First Lien Lenders (the "<u>Adequate Protection Obligations</u>") as documented in proposed interim and final orders (collectively, the "<u>DIP Financing Orders</u>") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition First Lien Lenders to enter into any of the DIP Documents, such consent has been (or will be) obtained; and be it

**FURTHER RESOLVED**, that in the business judgment of each Governing Body, the form, terms, and provisions of each of the instruments and documents governing the DIP Facility, including, but not limited to, the documents listed below (collectively, the "<u>DIP Documents</u>"), and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a)    that certain DIP Commitment Letter;

(b)    that certain Escrow Agreement;

(c)    the DIP Credit Agreement;

(d)     the DIP Facility Term Sheet;

(e)     any fee letters executed in connection with the DIP Facility and the Escrow Agreement;

(f)     any promissory note executed by any Company in connection with the DIP Facility;

(g)     any guarantee executed by any Company in connection with the DIP Facility;

(h)     any security agreement or pledge agreement executed by any Company in connection with the DIP Facility;

(i)     the DIP Financing Orders; and

(j)     all other certificates, instruments and documents executed or delivered to or in favor of any of the commitment parties or agents under the DIP Facility in connection with the loans made and transactions contemplated under the DIP Documents, as the same may be amended, supplemented, or replaced from the time to time; and be it

**FURTHER RESOLVED**, that to the extent applicable, each Company shall be, and is hereby, authorized to enter into the DIP Documents and incur the obligations thereunder (the "DIP Obligations"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Documents in the name and on behalf of each Company, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to enter into any guarantees as described or contemplated by the DIP Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of each Company and any other guarantor thereunder; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, and Cyxtera

4

Netherlands hereby grants a power of attorney to each Authorized Person, to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the DIP Financing Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition First Lien Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition First Lien Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Company is or will be party or any order entered into in connection with the chapter 11 cases (together with the DIP Documents and the DIP Financing Orders, collectively, the "DIP Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve; and be it

**FURTHER RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on its assets to secure such obligations; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof; and be it

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed, and Cyxtera Netherlands hereby grants a power of attorney

to each Authorized Person, to employ on behalf of each Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Cole Schotz P.C. as co-bankruptcy counsel; (iii) Guggenheim Securities, LLC as investment banker; (iv) AlixPartners LLP as restructuring advisor; (v) Kurtzman Carson Consultants LLC, as noticing and claims agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Persons, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with each Company's chapter 11 cases and in accordance with the foregoing resolutions; and be it

## REAFFIRMATION OF OFFICERS

**FURTHER RESOLVED**, that each Governing Body hereby reaffirms that Eric Koza is the current Chief Restructuring Officer ("<u>CRO</u>") and Raymond Li is the current Deputy Chief Restructuring Officer ("<u>Deputy CRO</u>") of each Company pursuant to that certain engagement letter dated as of May 5, 2023, by and among Cyxtera Technologies, Inc. and AP Services, LLC; and be it

**FURTHER RESOLVED**, that Eric Koza and Raymond Li be, and hereby are, appointed as CRO and Deputy CRO, respectively, for the purpose of performing the duties and responsibilities of a CRO and a Deputy CRO during the chapter 11 case of each Company and such other duties and responsibilities as may be determined by each Governing Body to be reasonably related thereto; and be it

**FURTHER RESOLVED**, that Eric Koza and Raymond Li shall be authorized from time to time to make decisions with respect to certain aspects of the management and operation of each Company's business as it specifically relates to each Company's restructuring initiatives, subject to the direction of each Governing Body; and be it

## RECEIVABLES PROGRAM TRANSACTIONS

**FURTHER RESOLVED**, that each Governing Body of the Receivables Parties hereby determines that the approval of the Receivables Transactions are in all respects approved, and that any Authorized Person is hereby authorized and directed in the name and on behalf of each

Receivables Party (i) to execute and deliver or cause to be executed and delivered the Receivables Sale Documents, as applicable to which the Company is a party or any other document related to the consummation of the Receivables Transactions, any amendments to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the Transactions, and (ii) to perform or cause to be performed on behalf of the Company, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Person deems to be in the best interests of the Company; and it is

**FURTHER RESOLVED**, that any Authorized Person is hereby authorized and directed in the name and on behalf of each Receivables Party to negotiate, execute, and deliver the Receivables Sale Documents to which each Receivables Party is a party, take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Person to be necessary or appropriate to the performance of each Receivables Party's obligations or the exercise of each Receivables Party's rights pursuant to the Receivables Sale Documents on the terms and conditions with the changes as such Authorized Person may by his or her execution and delivery thereof deem to be in the best interests of each Receivables Party, with such execution and delivery of the relevant Receivables Sale Documents or any other documents to be conclusive evidence that the form, terms, and provisions thereof have been approved by each Receivables Party; and it is

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates, or documents heretofore executed and acts heretofore done in connection with the Transactions approved by these resolutions are hereby ratified, confirmed, approved, and adopted in all respects; and be it

**<u>GENERAL</u>**

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, be, and each of them hereby is, authorized, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the Restructuring Matters; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

**FURTHER RESOLVED**, that each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be

required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice; and be it

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and be it

**FURTHER RESOLVED**, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized, and Cyxtera Netherlands hereby grants a power of attorney to each Authorized Person, to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

[*Remainder of page intentionally left blank*]

* * *

8

**Schedule I**

| Entity | Jurisdiction of Formation |
|---|---|
| Cyxtera Canada, LLC | Delaware |
| Cyxtera Canada TRS, ULC | Canada |
| Cyxtera Communications, LLC | Missouri |
| Cyxtera Communications Canada, ULC | Canada |
| Cyxtera Data Centers, Inc. | Delaware |
| Cyxtera DC Holdings, Inc. | Delaware |
| Cyxtera DC Parent Holdings, Inc. | Delaware |
| Cyxtera Digital Services, LLC | Delaware |
| Cyxtera Employer Services, LLC | Delaware |
| Cyxtera Federal Group, Inc. | Delaware |
| Cyxtera Holdings, LLC | Delaware |
| Cyxtera Management, Inc. | Delaware |
| Cyxtera Technologies, LLC | Delaware |
| Cyxtera Technologies Maryland, Inc. | Maryland |
| Cyxtera Netherlands B.V. | Netherlands |

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Technologies Maryland, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Nelson Fonseca*

C41B7ED0B2FE444...

Nelson Fonseca

_____

Carlos Sagasta

_____

Victor Semah

**BEING ALL THE DIRECTORS OF
CYXTERA TECHNOLOGIES
MARYLAND, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Employer Services, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

<div style="margin-left:50%">

**CYXTERA TECHNOLOGIES, INC.** as sole member of **CYXTERA EMPLOYER SERVICES, LLC**

DocuSigned by:

*Nelson Fonseca*

Nelson Fonseca
Its: Authorized Signatory

</div>

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

> **CYXTERA TECHNOLOGIES, INC.** as sole member of **CYXTERA HOLDINGS, LLC**
>
> DocuSigned by:
> *Nelson Fonseca*
>
> Nelson Fonseca
> Its: Authorized Signatory

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Technologies, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA HOLDINGS, LLC** as sole member of **CYXTERA TECHNOLOGIES, LLC**

DocuSigned by:

*Nelson Fonseca*

Nelson Fonseca
Its: Authorized Signatory

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Canada, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA DATA CENTERS, INC.** as sole member of **CYXTERA CANADA, LLC**

*Nelson Fonseca*

Nelson Fonseca
Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Communications, LLC, and all of its Managers, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA DATA CENTERS, INC.** as sole member of **CYXTERA COMMUNICATIONS, LLC**

_Nelson Fonseca_

Nelson Fonseca
Its: Authorized Signatory

_____

Carlos Sagasta

_____

Victor Semah

**BEING ALL THE MANAGERS OF
CYXTERA COMMUNICATIONS, LLC**

[_Unanimous Written Consent - Joint Filing Resolutions Signature Page_]

I **IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Digital Services, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA COMMUNICATIONS, LLC** as sole member of **CYXTERA DIGITAL SERVICES, LLC**

Nelson Fonseca
Its: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Netherlands B.V. and its sole shareholder, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____

Carlos Sagasta

_____

Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA NETHERLANDS B.V.**

**CYXTERA DATA CENTERS, INC.** as the sole shareholder (and thereby constituting the general meeting) of **CYXTERA NETHERLANDS B.V.**

Nelson Fonseca
Its: Authorized Signatory

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the sole director of Cyxtera Federal Group, Inc., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**NELSON FONSECA**, as the sole director of
**CYXTERA FEDERAL GROUP, INC.**

DocuSigned by:

*Nelson Fonseca*

C41B7ED092FE444...

Nelson Fonseca

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Technologies Maryland, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____

Nelson Fonseca


_____

Carlos Sagasta

DocuSigned by:

_____
87346D6064CF470...

Victor Semah


**BEING ALL THE DIRECTORS OF CYXTERA TECHNOLOGIES MARYLAND, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Management, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

Carlos Sagasta

DocuSigned by:

07340D6004CF470...

Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA MANAGEMENT, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera DC Parent Holdings, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Carlos Sagasta

_____
Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA DC PARENT HOLDINGS, INC.**

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera DC Holdings, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Carlos Sagasta

_____
Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA DC HOLDINGS, INC.**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Data Centers, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Carlos Sagasta

DocuSigned by:

_____
87348D6064CF470
Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA DATA CENTERS, INC.**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Communications, LLC, and all of its Managers, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA DATA CENTERS, INC.** as sole member of **CYXTERA COMMUNICATIONS, LLC**

_____
Nelson Fonseca
Its: Authorized Signatory

_____
Carlos Sagasta

DocuSigned by:

_Victor Semah_
87346D6864CF470...
_____
Victor Semah

**BEING ALL THE MANAGERS OF CYXTERA COMMUNICATIONS, LLC**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Netherlands B.V. and its sole shareholder, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

Carlos Sagasta

DocuSigned by:

*Victor Semah*

07946D6004CF470...

Victor Semah

**BEING ALL THE DIRECTORS OF
CYXTERA NETHERLANDS B.V.**

**CYXTERA DATA CENTERS, INC.** as the sole shareholder (and thereby constituting the general meeting) of **CYXTERA NETHERLANDS B.V.**

Nelson Fonseca
Its: Authorized Signatory

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

     **IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Communications Canada, ULC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

 

Carlos Sagasta

DocuSigned by:

*Victor Semah*

87346D6004CF470…

Victor Semah

 

 

**BEING ALL THE DIRECTORS OF
CYXTERA COMMUNICATIONS
CANADA, ULC**

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Canada TRS, ULC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Carlos Sagasta

DocuSigned by:

_____
Victor Semah

**BEING ALL THE DIRECTORS OF
CYXTERA CANADA TRS, ULC**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

     **IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Technologies Maryland, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

_____
Nelson Fonseca

DocuSigned by:

*Carlos Sagasta*

02C2ACD2F9DD468...
_____
Carlos Sagasta

_____
Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA TECHNOLOGIES MARYLAND, INC.**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

      **IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Management, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82C3ACD259DD408...

Carlos Sagasta


_____

Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA MANAGEMENT, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera DC Parent Holdings, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82C2ACD2F9DD408...

Carlos Sagasta

Victor Semah

**BEING ALL THE DIRECTORS OF CYXTERA DC PARENT HOLDINGS, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera DC Holdings, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82C2ACD2F9DD408...

Carlos Sagasta

_____

Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA DC HOLDINGS, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Data Centers, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*
82C2ACD259DD408

Carlos Sagasta


_____

Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA DATA CENTERS, INC.**

[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

DocuSign Envelope ID: EC5BC5A7-AF53-4F43-9DA0-674D88226Z7F

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of Cyxtera Communications, LLC, and all of its Managers, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**CYXTERA DATA CENTERS, INC.** as sole member of **CYXTERA COMMUNICATIONS, LLC**

_____

Nelson Fonseca
Its: Authorized Signatory

DocuSigned by:

*Carlos Sagasta*

82C2ACD3F9DD408...
_____

Carlos Sagasta

_____

Victor Semah

**BEING ALL THE MANAGERS OF CYXTERA COMMUNICATIONS, LLC**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

DocuSign Envelope ID: EC5BC5A7-AF53-4E43-9DA0-674D88026E7F

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Netherlands B.V. and its sole shareholder, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82C2ACD2F9DD408

Carlos Sagasta

_____

Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA NETHERLANDS B.V.**


**CYXTERA DATA CENTERS, INC.** as the
sole shareholder (and thereby constituting the
general meeting) of **CYXTERA
NETHERLANDS B.V.**


_____

Nelson Fonseca
Its: Authorized Signatory


[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

DocuSign Envelope ID: EC5BC5A7-AF53-4F43-9DA0-674D88B2677F

      **IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Communications Canada, ULC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82G2AGD2F9DB408...

Carlos Sagasta


Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA COMMUNICATIONS
CANADA, ULC**


[*Unanimous Written Consent - Joint Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Cyxtera Canada TRS, ULC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

DocuSigned by:

*Carlos Sagasta*

82C2AGD2F9DD408...

Carlos Sagasta


Victor Semah


**BEING ALL THE DIRECTORS OF
CYXTERA CANADA TRS, ULC**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*